UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAZAROS CARDENAS,<br>        Plaintiff,<br><br>        v.<br><br>DR. MELENY SCUDDER, ET AL.,<br>        Defendants. | No. 3: 15-cv-368 (SRU) |

## INITIAL REVIEW ORDER

The plaintiff, Lazaros Cardenas, currently incarcerated at Bridgeport Correctional Center, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. He names Dr. Meleney Scudder and Social Workers Lisa Simo Kinzer and William Kompare as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that

1

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

To the extent that the plaintiff seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff asserts that he was confined at Garner Correctional Institution in 2014.  At times during the months prior to September 2014, Social Worker Kompare had come to his housing unit to discuss his mental health diagnoses and issues in such a way that other inmates were able to overhear the conversations.  The plaintiff had repeatedly asked Social Worker Kompare not to discuss his mental health issues out loud in front of other inmates, but Social Worker Kompare continued to do so.  Inmates in the plaintiff's housing unit insulted him about his mental health diagnoses, threatened to harm him and caused him to become emotionally unstable.

On September 2, 2014, the plaintiff sent an inmate request form to the Health Service Administrator complaining that mental health staff had been discussing his mental health diagnoses and issues with him at his cell door in such a way that other inmates were able to hear the conversations. The plaintiff was concerned about his privacy. A psychologist at Garner responded to the plaintiff on September 4, 2014 and informed the plaintiff that he had shared the plaintiff's privacy concerns with the other mental health clinicians and had asked them to take appropriate steps in the future to protect the plaintiff's privacy.

The plaintiff filed a grievance on September 8, 2014, reiterating his concern with the social workers who insisted on speaking with him through his cell door instead of meeting with him in private. On October 24, 2014, a psychologist from Garner responded by stating that no further action was necessary because the plaintiff had been informed about the difference between individual sessions that took place in an office and unit tour sessions, which took place at an inmate's cell door.

As of October 2, 2014, the plaintiff was incarcerated at Cheshire Correctional Institution. The plaintiff became concerned about his privacy because mental health workers were discussing his mental health issues in a way that other inmates could overhear the conversations. The plaintiff filed a grievance regarding his concerns. On October 23, 2014, Dr. Meleney Scudder responded that she would review HIPAA[1] practices with mental health staff with regard to the plaintiff's confidentiality concerns as well as the constraints on privacy that might be imposed due to the security level of administrative segregation programs and other situations involving security issues.

---

[1] Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 130d-6.

3

The plaintiff claims that he continued to participate in conversations with Dr. Scudder and Social Worker Lisa Simo Kinzer during which his mental health diagnoses were discussed in such a way that they were overheard by other inmates. Those conversations took place on at least five more occasions. The other inmates who overheard the conversations verbally harassed the plaintiff and caused him to become suicidal and to fear for his safety.

The plaintiff claims that the defendants violated his right to privacy. The plaintiff also alleges that the defendants were negligent, deliberately indifferent to his safety and violated HIPAA regulations protecting the confidentiality of his mental health diagnoses.

In general, HIPAA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. §§ 160 and 164. HIPAA regulations, however, do not confer a private right of action on an individual. *See Mele v. Hill Health Center*, 609 F. Supp. 2d 248, 255 (D. Conn. 2009) ("Courts have found no private right of action under HIPAA.") (citation omitted); *Barnes v. Glennon*, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *5 (N.D.N.Y. Sept. 28, 2006) (HIPAA "does not confer a private cause of action ... [or] either explicitly or implicitly, confer to private individuals a right of enforcement") (citations omitted).

The plaintiff's only remedy for an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal. *See* 45 C.F.R. § 160.306. Because the plaintiff has no private right of action under HIPAA, he fails to state a claim against the defendants for the alleged infringement of his HIPAA privacy

4

rights. The claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The court concludes that the plaintiff has stated plausible claims of violations of his right to privacy under the Ninth Amendment and deliberate indifference to his safety under the Eighth Amendment. In addition, the plaintiff has stated facts to support a state law claim that the defendants were negligent in repeatedly discussing his confidential mental health diagnoses and issues in the presence of other inmates.

## ORDERS

The court enters the following orders:

(1) The claims against the defendants in their official capacities for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). All claims under HIPAA are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Ninth Amendment right to privacy, Eighth Amendment deliberate indifference to safety, and state law negligence claims will proceed against the defendants in their individual capacities.

(2) Within twenty-one (21) days of this Order, the clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each of the following defendants in his or her individual capacity: Dr. Meleney Scudder, Social Worker Lisa Simo Kinzer and Social Worker William Kompare and mail a waiver of service of process request packet to each defendant at his or her current work address. On the thirty-fifth (35th) day after mailing, the clerk shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person

service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The clerk shall send a courtesy copy of the complaint and this order to Connecticut Assistant Attorney General Terrence M. O'Neill and the Department of Correction Legal Affairs Unit.

(4)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the Notice of Lawsuit and Waiver of Service of Summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

SO ORDERED at Bridgeport, Connecticut this 1st day of May 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge